

FILED
2022 Oct-14  PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| JACOB D. GANN, | ) | |
| Plaintiff, | ) | |
| v. | ) | 6:20-cv-01605-LSC |
| 3M COMPANY D/B/A 3M, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Jacob Gann, an African-American, brings this action against 3M, his former employer. Invoking the protections of Title VII and 42 U.S.C. § 1981, he alleges that 3M engaged in racial discrimination when it failed to hire him for a new position within the company. For the following reasons, Gann cannot prevail on his claims. Accordingly, 3M's Motion for Summary Judgment is due to be granted.

**I.    Background[1]**

_____

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record . . .").

In June 2017, 3M hired Gann to serve as a production operator at its facility in Guin. (Doc. 38 at 3.) In August 2018, Gann applied for one of two maintenance trainee openings. (Doc. 29 at 12–13.) Gann was qualified for this position, so 3M's Joint Selection Committee considered him for the new role along with seven other candidates. (*Id*.) The Committee interviewed the candidates and assigned each one a composite score based on several factors. (*See* doc. 30-5 at 46–47.) Gann's composite score was the fourth highest. (*Id*.) The two candidates with the highest composite scores—Colton Moore and Hunter Carter—received job offers. (Doc. 29 at 14.) Believing himself more qualified, Gann complained to 3M's department of human resources and alleged that 3M did not offer him the position because of his race. (*Id*. at 16.) After 3M denied this allegation, Gann filed a charge with the EEOC and ultimately initiated this action. (Doc. 38 at 4.)

## II.    Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence

such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence, but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). In a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving

party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

### III.   Analysis[2]

"In order to establish a prima facie case on the basis of a failure to promote, [a] Plaintiff must demonstrate that: (i) [he] belonged to a protected class; (ii) [he] was qualified for and applied for a position; (iii) despite qualifications, [he] was rejected; and (iv) the position was filled with an individual outside the protected class." *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1347 n.2 (11th Cir. 2007). If the plaintiff can make a *prima facie* showing of discrimination, the burden then falls on the defendant to provide a legitimate, nondiscriminatory reason for its action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant satisfies this burden, the plaintiff must "demonstrate that the defendant's

---

[2] *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("Standard alleges that he was terminated on the basis of his race and national origin (Caucasian-American), in violation of Title VII and 42 U.S.C. § 1981. Both of these statutes have the same requirements of proof and use the same analytical framework, therefore we shall explicitly address the Title VII claim with the understanding that the analysis applies to the § 1981 claim as well."); *see also Lewis*, 918 F.3d at 1220 n.5.

proffered reason was merely a pretext for unlawful discrimination." *Lewis v. City of Union City*, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc).

To establish pretext, a plaintiff must "show[] *both* that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. Quarreling with that reason is not sufficient." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004), *abrogated on other grounds by Lewis*, 918 F.3d at 1218. The Court's role is not to adjudge the wisdom of personnel decisions, so "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted." *Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000).

Here, even if Gann could establish a *prima facie* case, he cannot show that 3M's reasons for failing to promote him are pretextual. Although Gann was qualified for the position, Gann received a lower composite score from the Joint Selection Committee than three other candidates. (Doc. 30-5 at 46–47.) Notably, all committee members ranked the eight candidates similarly, and none of them placed Gann within the top two. (*See id.*) In 3M's account, Moore and Carter received the two highest scores because of their experience with electrical work, and their

respective resumes indicate that they served as electrical technicians (among other roles) at their previous employers. (*See* doc. 30-4 at 24; doc. 30-5 at 14–17.) Gann's resume, in contrast, details his experience as a maintenance technician but does not describe any past employment as an electrical technician. (*See* doc. 30-5 at 19–21.)

While Gann nonetheless asserts his own belief that he was more qualified than Moore and Carter, he does not explain how his qualifications are superior when measured against 3M's criteria.[3] For its own purposes, 3M apparently preferred candidates whose prior jobs involved electrical work and—to Gann's chagrin—did not give priority to those with seniority in the company. 3M, of course, is generally free to make these sorts of decisions, and the Court, eschewing any Solomonic pretensions, should not inquire into their prudence. Moreover, superior qualifications alone do not summon the specter of pretext. *See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) ("A plaintiff must show that the disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the

---

[3] As Gann notes, 3M's selection process involved some subjective assessments. However, "[a]bsent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext under Title VII or other federal employment discrimination statutes." *Denney v. City of Albany*, 247 F.3d 1172, 1185 (11th Cir. 2001).

plaintiff.") (internal quotation marks omitted). Gann cannot identify the glaring disparities in qualifications that precedent demands, so a reasonable person certainly could have chosen Moore and Carter instead of Gann.[4]

## IV.    Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment is due to be granted. The Plaintiff's Motion to Strike is due to be terminated as moot.[5] The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on October 14, 2022.

_____
L. Scott Coogler
United States District Judge

211211

---

[4] In the fact section of his brief, Gann claims that Geoff Stidham, 3M's plant engineering manager, "heard that Jeremy Johnson stated there will never be a N-word in his department." (Doc. 38 at 14.) Johnson is the engineering department's union committeeperson and was a member of the Joint Selection Committee. Stidham, however, did not hear the alleged remark. Rather, Stidham testified only that he was familiar with the allegation itself. (*See* doc. 30-4 at 29.) Whatever the case, Johnson's alleged remark does not reappear in the argument portion of Gann's brief, so he does not contend it is indicative of pretext. The Court, therefore, does not address the legal significance of the alleged comment or whether it could be reduced to admissible form.

[5] Plaintiff seeks to strike the affidavit of Matt Collins. (Doc. 30-9.) To its knowledge, the Court does not rely on Collins' affidavit in reaching its decision.